**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RONALD PETTIES,

               Plaintiff,

         v.

CONNOR MCCARTHY,

               Defendant.

Civil Action No. 24-741 (MAS) (RLS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Ronald Petties's civil complaint. (ECF No. 1.)  Also before the Court is Plaintiff's *in forma pauperis* application in this matter.  (ECF No. 3.)  Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted.  As the Court will grant Plaintiff *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## I.      BACKGROUND

In his current complaint, Plaintiff, a state prisoner currently confined on a parole violation, seeks to use this civil rights matter to challenge his ongoing criminal proceedings.  (ECF No. 1 at 5-6.)  Specifically, Plaintiff contends that in securing an indictment on the unspecified charges Plaintiff currently faces, Defendant, a state prosecutor, failed to present certain exculpatory

evidence to a grand jury, and later admitted to this before a state court judge.  (*Id.*)  Despite this, Plaintiff's charges have not been dropped or dismissed, and his criminal prosecution remains ongoing.  Plaintiff therefore seeks damages from Defendant and for his criminal proceedings to end.  (*Id.*)

## II.    <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.    **DISCUSSION**

In his complaint, Plaintiff essentially seeks to raise a malicious prosecution claim against Defendant McCarthy, a state prosecutor, based on his failure to provide exculpatory evidence to a state grand jury. Plaintiff's claim faces several currently insurmountable hurdles. First, as a state prosecutor engaged in prosecutorial activity—i.e., the act of charging Plaintiff and securing an indictment against him—Defendant McCarthy is absolutely immune from suit for the claim Plaintiff seeks to raise. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Roberts v. Lau*, 90 F.4th 618, 624-25 (3d Cir. 2024); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Even were this not the case, the claim that Plaintiff appears to be raising is one for malicious prosecution—a claim that would require him to show that the charges against him resolved in his favor. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Because Plaintiff asserts that his charges are ongoing, he cannot plead a plausible claim for relief, and his claim would still

be subject to dismissal even if the sole Defendant were not absolutely immune from suit. Finally, the Court notes that it appears that Plaintiff wishes to have this Court interfere in his still-ongoing criminal proceedings through the current matter. This Court, however, may not interfere in Plaintiff's ongoing criminal proceedings pursuant to the *Younger* abstention doctrine. *See ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). Plaintiff's complaint against Defendant McCarthy is therefore dismissed with prejudice as Defendant is clearly immune from suit, and Plaintiff has otherwise failed to plead a plausible claim for relief.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 3) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as the only named Defendant is clearly immune from suit in this matter. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE